

United States District Court
Southern District of New York

Shane C. Nichols                                    Case # (21 cr 422) cs
vs.
United States of

Dear Hon. Cathy Seibel

Motion for Sentence Reduction Based on Changes in the Sentencing Guidlines, under Criminal History Enhancments. I'm Requesting Counsel for Representation to Appoint Me Shane C. Nichols 24296-509. I am unable to afford Counsel for the purpose of making a motion to review my sentence under the recent ruling that the United States sentencing changed, due to the fact that the courts enhanced my points and sentencing from my criminal history which put me in a higher catagory for a longer imprisonment sentence. Now with these new law changes in effect, i feel I would have had a lesser sentence, due to the facts of the law changing under the sentencing guidelines. I hereby humbly request that Counsel be appointed to represent me to determine whether I may be eligable for a lesser sentence or release from incarceration under these recent changes in the law

The United States Sentencing Commission Changed in the Sentencing Guidelines under § 4A1.1

If you could please Review my Pre-Sentencing Investigation Report you will see the United States Gouverment Relied upon Probation, prior Convictions and as a Result was Sentenced based on Aquited Conduct or Recieud Sentence that are No longer Authorized under Current Law

I am asking the Courts to please Appoint me an Attorny to Represent me in this matter please & thank you

Mr. Nichols is not eligible for a reduction under Amendment 821 to the Sentencing Guidelines. He did receive "status points" – that is, a two-level enhancement for committing the instant offenses while on probation – but it did not affect his criminal history category ("CHC"). Defendant was a career offender under USSG 4B1.1, which drove his CHC to VI (and his range to 262-327) regardless of the number of criminal history points. Thus, even without the status points, he would still be in CHC VI; Amendment 821 does not affect his Guidelines range; and a reduction is prohibited under USSG1b1.10(a)(2)(B). Moreover, even if Mr. Nichols were not a career offender, his CHC was IV based on 8 criminal history points, and without the status points it would be reduced to III. But that would reduce the range for Count 2 (at offense level 26) only from 92-115 to 78-97, and would reduce the total Guidelines range only from 152-175 to 138-157. Because his sentence on Count 2 was 72 months and his total sentence was 132 months – in other words, below the low end of the amended Guidelines range – a reduction is prohibited under USSG 1B1(b)(2)(A). The Clerk of Court is respectfully directed to send a copy of this endorsement to Mr. Nichols.

24296-509
Shane C Nichols
USP Beaumont
US Penitentiary
P.O Box 26030
Beaumont TX 77720

SO ORDERED.

*Cathy Seibel*     4/2/21
CATHY SEIBEL, U.S.D.J.

Shane C Nichols 24296-509
USP Beaumont
U.S Penitentiary
P.O. Box 26030
Beaumont, Tx 77720

HOUSTON TX RPDC 773

19 MAR 2024 PM 2  L

USMᵈ SDNY

Hon. Judge Cathy Seibel
300 Quarropas Street
White plains New York 10601

RECEIVED
MAR 25 2024
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

10601-414000